892 F.2d 80
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas B. UPTON, Robert W. Upton, Jr., and Kay Upton
Washington, Plaintiffs-Appellants,
v.
UNITED STATES of America, Tennessee Valley Authority, and
Occidental Chemical Corporation, Defendants-Appellees.
 No. 89-5380.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and ENGEL,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Thomas B. Upton and his two siblings, Robert W. Upton, Jr., and Kay Upton Washington (collectively, "Upton"), appeal a summary judgment in favor of defendants United States, Tennessee Valley Authority ("TVA") and Occidental Chemical Corporation ("Occidental"). On January 24, 1989, the United States District Court for the Middle District of Tennessee, Columbia Division, concluded that an option contract and warranty deed between Upton's parents and TVA, which conveyed to TVA phosphate minerals and associated mining rights to the Upton property, did not provide Upton with a reversionary interest in the phosphate minerals.
 
 
 2
 On December 15, 1938, Upton's parents entered into an option contract with TVA for the sale of the "phosphate rock and/or sand, and any and all other phosphatic material" underlying the Uptons' land in Giles County, Tennessee. A second option agreement, backdated to December 15, 1938, was later executed and superseded the original option contract. This second agreement granted TVA a six-month option to purchase the phosphate minerals and the associated rights, easements and privileges ("mining rights") to mine the phosphate.
 
 
 3
 TVA exercised its option to purchase during the six-month term. Because interests of minor children were involved, the Giles County Chancery Court considered whether the proposed sale was in the minors' best interest. Pursuant to the Chancellor's order finding the sale to TVA "an advantageous one," on October 27, 1939, the Clerk and Master of the Chancery Court issued a "warranty deed to minerals" to the United States for the benefit of TVA. The deed conveys fee simple title to the minerals and also grants certain "rights, privileges, and easements" to the United States and TVA.
 
 
 4
 The United States and TVA never mined phosphate on the property. On March 30, 1987, TVA sold the minerals and mining rights to Occidental at a public auction. The sale was undertaken pursuant to section 31 of the TVA Act, 16 U.S.C. § 831dd (1982), which permits the sale of surplus lands determined by the TVA Board of Directors to be unnecessary to carry out their plans and projects. Four days before the auction, Upton filed suit in district court, claiming entitlement to the minerals and mining rights under the option agreement and deed.
 
 
 5
 The district court concluded that the "plaintiffs have no reversionary interest in the phosphate minerals at issue," and that the mining rights are to be relinquished only after the mining has been completed. On appeal, Upton argues that the option agreement obligates TVA to release all "mining rights" to the property if TVA declares the property surplus. Therefore, Upton argues that the district court erred in concluding that the mining rights are to be released only after mining by TVA or its assignees.
 
 
 6
 In addition to arguing that the district court did not err, TVA contends that Upton raises numerous arguments on appeal which should not be considered by this court because they were not presented in the district court. Further, TVA argues that the suit is barred by the statute of limitations and the absence of consent to suit by the United States. The parties also dispute whether the doctrine of merger should be applied to the option agreement and warranty deed.
 
 
 7
 Upon a careful review of the record, we are of the opinion that the trial court did not err in granting summary judgment upon the undisputed facts. Any asserted claims under the option contract were fully merged in the deed, which was executed with court approval. Accordingly, for the reasons stated by Chief United States District Judge Thomas A. Wiseman, Jr. in his opinion filed in the district court on January 24, 1989, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Judge Engel assumed senior status effective October 1, 1989